1  PRESTON EASLEY, State Bar No. 108347
   (maritime@earthlink.net)
2  PETER YOVANOVICH, State Bar No. 305794
   (max@prestoneasley.com)
3  LAW OFFICES OF PRESTON EASLEY APC
4  2500 Via Cabrillo Marina, Suite 106
5  San Pedro, California 90731-7724
   Telephone:  (310)832-5315
6  Facsimile:   (310)832-7730
7
8  Attorneys for Plaintiff
        ROBERT NINTEMAN
9

10          UNITED STATES DISTRICT COURT
11          SOUTHERN DISTRICT OF CALIFORNIA
12

13  ROBERT NINTEMAN,              Case No:  '18CV1222 MMAAGS
14         Plaintiff,
15      v.
16                                COMPLAINT FOR DAMAGES
17                                AND DEMAND FOR JURY TRIAL
18  THE DUTRA GROUP,
19         Defendant.
20

21      COMES NOW PLAINTIFF ROBERT NINTEMAN and complains of

22

23  defendant and alleges:

24  FIRST CAUSE OF ACTION FOR NEGLIENCE

25

26  1.      At all times mentioned herein plaintiff ROBERT NINTEMAN was

27

28          employed by defendant THE DUTRA GROUP as a deckhand on the

-1-

dredge EM1106 and a certain associated SCOW which were vessels in navigation owned, controlled, crewed, maintained, supplied, outfitted, operated and managed by defendant.  Plaintiff is a Jones Act seaman and was a deckhand in the crew of the aforementioned vessels in navigation at all times relevant hereto.

2.  Plaintiff ROBERT NINTEMAN is a resident of the City of El Cajon, County of San Diego, State of California.

3.  Defendant THE DUTRA GROUP is a resident of San Rafael, California.

4.  The bases of federal jurisdiction are the Jones Act, 46 U.S.C. Sec. 30104, admiralty and the General Maritime Law.

5.  On or about November 19, 2016 plaintiff ROBERT NINTEMAN suffered severe and disabling injuries while washing said scow when he fell from the aforementioned certain scow down to the deck of the dredge EM1106 in navigable waters at Pier 9, Naval Base San Diego in San Diego Harbor, California.  Defendant negligently failed to provide plaintiff with fall protection.  Defendant negligently failed to train and instruct plaintiff and his co-employees on the proper use of fall protection and negligently failed to require plaintiff to utilize fall protection at the time of the said accident.  Defendant negligently

failed to provide plaintiff with a safe place to work and a safe method for doing his work. Defendant negligently failed to perform a job hazard analysis for washing said scow.

6.     As a result of defendant's negligence plaintiff was hurt and injured in his health, strength and activity, sustaining serious injuries, all of which have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering and loss of enjoyment of life in an amount to be proven at trial.  Plaintiff informed and believes that thereon alleges that such injuries will result in permanent disability to him.

7.     As a further result of defendant's negligence plaintiff has incurred and will continue to incur medical and related expenses, the full amount of which is not known to plaintiff at this time, and plaintiff will move to amend this complaint to state such amount when the same becomes known to him, on proof thereof.  The amount of plaintiff's medical expenses will be proven at trial.

8.     As a further result of defendant's negligence plaintiff's earning capacity has been greatly impaired, both past and future, and plaintiff has suffered and will continue to suffer a loss of wages, fringe benefits and wage earning capacity and the ability to perform household

services, both past and future.  The exact amount is not known to plaintiff at this time.  Plaintiff will move to amend this complaint to state such amount when the same becomes known to him, on proof thereof, and such amount will be proven at trial.

SECOND CAUSE OF ACTION FOR MAINTENANCE AND CURE AND UNEARNED WAGES

9.    Plaintiff incorporates by reference, as though fully set forth below, each and every allegation of paragraphs 1 through 8 of the First Cause of Action herein.

10.   On or about November 19, 2016 while working aboard dredge EM1106 and a certain scow which were in navigable waters at Pier 9, Naval Base San Diego, San Diego Harbor, California plaintiff suffered severe and disabling injuries.

11.   Immediately prior to suffering these injuries, plaintiff was a strong, able bodied person, capable of continuous gainful employment in the occupation of deckhand.  By reason of these disabling injuries, plaintiff has been caused to suffer great physical and mental pain and suffering, and has incurred and will continue to incur medical and related expenses, and for a period of time was and will be unable to

attend to his usual occupation as a deckhand.  He is therefore entitled to maintenance and cure and unearned wages.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For general damages, according to proof;

2. For damages for medical and related expenses, both past and future according to proof;

3. For damages for lost earnings, both past and future; and loss of earning capacity and fringe benefits, both past and future; and loss of ability to perform household services, both past and future, according to proof;

4. For an amount representing plaintiff's maintenance and cure and unearned wages, according to proof;

5. For costs of suit herein incurred;

6. For such other and further relief as the Court may deem proper.

Date:  June 11, 2018

/s/ Preston Easley
PRESTON EASLEY
PETER YOVANOVICH
Attorneys for Plaintiff
ROBERT NINTEMAN

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3      Plaintiff ROBERT NINTEMAN hereby demands a trial by jury in this

4  action.

5

6

7  Dated: June 11, 2018                    /s/ Preston Easley

8                                          PRESTON EASLEY
                                           PETER YOVANOVICH
9                                          Attorney for Plaintiff
                                           ROBERT NINTEMAN
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28