# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ROBERT NINTEMAN,

    Plaintiff,

v.

THE DUTRA GROUP,

    Defendant.

Case No.: 18cv1222-MMA (AGS)

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

[Doc. No. 13]

On June 11, 2018, Plaintiff Robert Ninteman ("Plaintiff") commenced the instant action against Defendant The Dutra Group ("Defendant") alleging claims for negligence under the Jones Act, and maintenance, cure and unearned wages under general maritime law. Doc. No. 1 ("Compl."). On September 13, 2018, Plaintiff filed a motion requesting leave to file a First Amended Complaint. Doc. No. 13-2 ("Mtn."). To date, Defendant has not filed an opposition to Plaintiff's motion. *See* Docket. The Court, in its discretion, decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Plaintiff's unopposed motion for leave to file a First Amended Complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendment of pleadings. It states that if a responsive pleading has already been filed, the party seeking amendment "may

amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (noting leave to amend should be granted with "extreme liberality"); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

However, courts may deny leave to amend for several reasons, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and whether the plaintiff has previously filed an amended complaint. *See Ascon Props.*, 866 F.2d at 1160; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). The test of futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

## DISCUSSION

Plaintiff seeks to amend his Complaint by adding "a cause of action for unseaworthiness due to the lack of fall protection on the vessels to which he was assigned." Mtn. at 2. Plaintiff requests the Court grant him leave to amend because there is no undue delay or prejudice to Defendant. *Id.* at 8. Here, the Court finds that Plaintiff's proposed amendment is not futile, and there is no evidence that the proposed amendment will prejudice Defendant. Additionally, Plaintiff filed his motion by the deadline set forth in the Court's scheduling order (*see* Doc. No. 12), and it does not appear that Plaintiff delayed in filing the instant motion. Further, Plaintiff has not previously amended his Complaint. Therefore, upon thorough review of the relevant documents, and after examining the relevant factors, the Court finds that permitting Plaintiff leave to amend his Complaint to add a cause of action for unseaworthiness is appropriate.

## Conclusion

Accordingly, the Court **GRANTS** Plaintiff's unopposed motion for leave to file a First Amended Complaint. The Clerk of Court is instructed to file Plaintiff's First Amended Complaint (Doc. No. 13-1) as a separate docket entry.

**IT IS SO ORDERED**.

Dated: October 16, 2018

Hon. Michael M. Anello
United States District Judge