**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT NINTEMAN,<br><br>          Plaintiff,<br><br>v.<br><br>THE DUTRA GROUP and R.E. STAITE ENGINEERING, INC.,<br><br>          Defendants. | Case No.: 18cv1222-MMA (AGS)<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 30] |

  On June 11, 2018, Plaintiff Robert Ninteman ("Plaintiff") commenced this action against Defendant The Dutra Group ("Dutra") alleging claims for negligence under the Jones Act, and maintenance, cure and unearned wages under general maritime law. Doc. No. 1. On October 16, 2018, the Court granted Plaintiff leave to file a First Amended Complaint, which added a cause of action for unseaworthiness due to the lack of fall protection on the vessels to which Plaintiff was assigned. Doc. No. 15. On January 23, 2019, the Court granted Plaintiff leave to file a Second Amended Complaint, which added a general maritime law negligence cause of action against a new defendant, R.E. Staite Engineering, Inc. ("R.E. Staite"), and added R.E. Staite as a defendant to the unseaworthiness cause of action. Doc. No. 18. On May 9, 2019, Plaintiff filed a motion requesting leave to file a Third Amended Complaint ("TAC"). Doc. No. 30-2 ("Mtn.").

1

18cv1222-MMA (AGS)

To date, Defendants have not filed oppositions to Plaintiff's motion. *See* Docket. The Court, in its discretion, decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Plaintiff's unopposed motion for leave to file a TAC.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendment of pleadings. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (noting leave to amend should be granted with "extreme liberality"); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

However, courts may deny leave to amend for several reasons, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and whether the plaintiff has previously filed an amended complaint. *See Ascon Props.*, 866 F.2d at 1160; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). The test of futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

## DISCUSSION

Plaintiff seeks to amend his complaint by making "minor" changes "to make his negligence and unseaworthiness claims more specific." Mtn. at 3. Specifically, he seeks to modify the last sentence of paragraph six (6), add a sentence to the end of paragraph twelve (12), and add a sentence to the end of paragraph eighteen (18). *Id.* at 2-3. Plaintiff requests the Court grant him leave to amend because there is no undue delay or

prejudice to Defendants and leave to amend would not be futile. *See generally, id.* Here, while Plaintiff has previously amended his complaint twice, the Court does not find evidence of bad faith, prejudice to Defendants, or futility with respect to Plaintiff's proposed amendment. Additionally, Plaintiff filed his motion by the deadline set forth in the Court's scheduling order (*see* Doc. No. 29), and it does not appear that Plaintiff delayed in filing the instant motion.

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's unopposed motion for leave to file a Third Amended Complaint. The Clerk of Court is instructed to file Plaintiff's Third Amended Complaint (Doc. No. 30-1) as a separate docket entry.

**IT IS SO ORDERED**.

Dated: June 18, 2019

Hon. Michael M. Anello
United States District Judge