UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NINTEMAN,<br><br>         Plaintiff,<br><br>v.<br><br>THE DUTRA GROUP and R.E. STAITE ENGINEERING, INC.,<br><br>         Defendants. | Case No. 18-cv-1222-MMA (AGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>[Doc. No. 59] |

  Robert Ninteman ("Plaintiff") brings this admiralty and maritime action against Defendants The Dutra Group ("Dutra") and R.E. Staite Engineering, Inc. ("R.E. Staite") (collectively, "Defendants"). Plaintiff moves for leave to amend the scheduling order and for leave to file a fourth amended complaint. *See* Doc. No. 59. The motion is unopposed. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 62. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

1

## I. BACKGROUND

Plaintiff alleges that he fell from the deck of a dump scow onto the deck of a dredge while he was employed by Dutra as a deckhand on dredge EM 1106 and scow 3002. *See* Doc. No. 33 ¶¶ 1, 6. Plaintiff's accident occurred "in navigable waters at Pier 9, Naval Base San Diego in San Diego Harbor, California." *Id.* ¶ 6. Plaintiff alleges he suffered injuries stemming from the fall. *See id.* ¶ 7. On June 11, 2018, Plaintiff filed this admiralty and maritime action. *See* Doc. No. 1. In the operative Third Amended Complaint, Plaintiff asserts four causes of action: (1) Jones Act negligence against Dutra, (2) "general maritime law negligence" against R.E. Staite, (3) unseaworthiness against Dutra and R.E. Staite, and (4) "maintenance and cure and unearned wages" against Dutra. *See* Doc. No. 33 ¶¶ 1–23.

On September 13, 2018, the Magistrate Judge issued the original scheduling order, which set the motion to amend the pleadings deadline on December 7, 2018. *See* Doc. No. 12 at 1. On March 15, 2019, the Magistrate Judge issued the first amended scheduling order, which set the motion to amend deadline on May 17, 2019. *See* Doc. No. 29 at 1. Despite several subsequent amended scheduling orders, the May 17, 2019 deadline to amend remained unchanged. *See* Doc. Nos. 37, 42, 44, 46, 53, 61. Plaintiff now brings his unopposed motion for leave to amend the scheduling order and for leave to file a fourth amended complaint. *See* Doc. No. 59.

## II. LEGAL STANDARD

After the district court issues a scheduling order, a party seeking leave to amend a pleading must meet Federal Rule of Civil Procedure 16's requirements. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* at 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). A pre-trial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" necessary to modify a scheduling order "focuses on the reasonable

diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson*, 975 F.2d at 609); *see also* Fed. R. Civ. P. 16, Notes of Advisory Committee on Rules—1983 Amend. ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Despite the inquiry's focus on the moving party's rationale for the proposed modification, prejudice to the opposing party "might supply additional reasons to deny a motion." *Id.* Additionally, "extraordinary circumstances is a close correlate of good cause." *Id.* at 610.

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted). The party seeking to amend bears the burden of showing good cause under Rule 16(b). *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002); *Johnson*, 975 F.2d at 608.

If a party seeking leave to amend a pleading satisfies the requirements of Rule 16, then the party must also satisfy the requirements of Rule 15. *Lisker v. City of Los Angeles*, No. CV 09-09374 AHM (AJWx), 2011 WL 3420665, at *1 (C.D. Cal. Aug. 4, 2011) (citing *Johnson*, 975 F.2d at 608). If a party seeking amendment cannot amend its pleading as a matter of course, the party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when

justice so requires." Fed. R. Civ. P. 15(a)(2). This rule reflects an underlying policy that disputes should be determined on their merits and not on the technicalities of pleading rules. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Accordingly, courts must be generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (noting leave to amend should be granted with "extreme liberality"); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (first citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); and then citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Courts consider several factors in deciding whether to grant a motion for leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes*, 375 F.3d at 808 (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *see also Ascon Properties, Inc.*, 866 F.2d at 1160 (citing *DCD Programs, Ltd.*, 833 F.2d at 186–87, 186 n.3). These factors are not of equal weight; prejudice to the opposing party is the most crucial factor in determining whether to grant leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Properties, Inc.*, 866 F.2d at 1160 (first citing *DCD Programs, Ltd.*, 833 F.2d at 186 n.3; and then citing *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)). Moreover, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980), *abrogated on other grounds by Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983)).

### III. DISCUSSION

Plaintiff seeks to amend his complaint for the fourth time to "remove[] the unseaworthiness cause of action against Dutra because R.E. Staite, not Dutra, owned SCOW 3002" and "[a]n unseaworthiness cause of action lies only against the owner of a vessel." Doc. No. 59-1 at 2.[1] Plaintiff also adds allegations regarding the lack of yellow painting against Dutra in his Jones Act negligence claim and against R.E. Staite in his negligence and unseaworthiness claims. *See id.* at 4–6. Plaintiff argues that Defendants are not prejudiced by these changes because "each defendant knew on the day of the accident that R.E. Staite owed SCOW 3002 and that there was no cautionary yellow paint on the deck of SCOW 3002 and that the manhole covers were not recessed or painted yellow." *Id.* at 7. Defendants did not respond to Plaintiff's motion.

The deadline to move to amend the pleadings was on May 17, 2019. *See* Doc. No. 29 at 1. Plaintiff timely moved for leave to file his Third Amended Complaint on May 9, 2019, which the Court granted. *See* Doc. Nos. 30, 32. On June 28, 2020, Plaintiff moved for leave to amend to file a fourth amended complaint—seeking dismissal of R.E. Staite—but subsequently withdrew the motion. *See* Doc. Nos. 51, 55. On September 9, 2020, the parties jointly moved to dismiss the unseaworthiness claim against Dutra while other claims against Dutra would remain. *See* Doc. No. 57. On the following day, the Court denied the joint motion without prejudice because dismissal was improper where other claims against Dutra would remain. *See* Doc. No. 58. On October 13, 2020, Plaintiff filed the instant motion seeking to remove the unseaworthiness claim against Dutra. *See* Doc. No. 59.

Plaintiff appears to argue that he has shown diligence by asserting that amendment is proper because the unseaworthiness claim stands only against a vessel owner. *See* Doc. No. 59-1 at 2, 3–4. It is unclear whether Plaintiff has provided the Court with facts

---

[1] All citations refer to the pagination assigned by the CM/ECF system.

showing diligence beyond noting a defect in how he pleaded a cause of action against one of the Defendants. Further, Plaintiff does not explain why he brings this motion more than a year after he filed the operative Third Amended Complaint or why he waited a month to bring this motion after the Court denied the joint motion to dismiss Plaintiff's claim for unseaworthiness against Dutra.

However, despite Plaintiff's lack of diligence, the motion is unopposed. It is within the Court's discretion to grant Plaintiff's motion for leave to amend. *See Noyes*, 488 F.3d at 1174 n.6 (noting that denial of a Rule 16(b) motion is reviewed for abuse of discretion); *Zivkovic*, 302 F.3d at 1087 (same). Moreover, "Plaintiff is master of his Complaint, and the Court will not require Plaintiff to litigate claims he no longer wishes to litigate in this Court." *Bennett v. Forbes*, No. 17-cv-464-MMA (KSC), 2017 WL 4557215, at *8 (S.D. Cal. Oct. 12, 2017). Accordingly, the Court gives Plaintiff leave to file a fourth amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to file a fourth amended complaint. The Court **DIRECTS** the Clerk of Court to file Plaintiff's Fourth Amended Complaint (Doc. No. 59 at 3–13) as a separate docket entry.

**IT IS SO ORDERED**.

Dated: November 25, 2020

HON. MICHAEL M. ANELLO
United States District Judge